ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR REQUEST FOR AN OFFICIAL ATTORNEY GENERAL OPINION ASKING,
DO THE PROVISIONS OF 47 O.S. 1140 OF TITLE 47 OF THE OKLAHOMA STATUTES UNLAWFULLY DISCRIMINATE AGAINST CERTAIN PERSONS WHO APPLY FOR APPOINTMENT AS A MOTOR LICENSE AGENT BECAUSE OF THE SIZE OF THE MUNICIPALITY IN WHICH SUCH APPLICATION IS MADE?
BECAUSE YOUR QUESTION MAY BE ANSWERED BY REFERENCE TO CLEARLY CONTROLLING STATUTES AND CASE LAW AUTHORITY, THE ISSUANCE OF AN OFFICIAL OPINION OF THE ATTORNEY GENERAL IS UNNECESSARY. THE DISCUSSION WHICH FOLLOWS THEREFORE IS NOT AN OFFICIAL OPINION, BUT RATHER, THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
YOUR QUESTION REQUIRES A TWO-PART LEGAL ANALYSIS:
 1. WHETHER 47 O.S. 1140 (1987) IS A LOCAL OR SPECIAL LAW WHICH IS LIMITED BY ARTICLE V, SECTION 32/ARTICLE V, SECTION 46/ARTICLE V, SECTION 59 OF THE OKLAHOMA CONSTITUTION?
 2. WHETHER THE STATUTE LAWFULLY DISCRIMINATES AGAINST A CLASS OF APPLICANTS FOR MOTOR LICENSE AGENT IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION? (AMEND 14)
SECTION 47 O.S. 1140 OF TITLE 47 GOVERNS THE QUALIFICATIONS AND REQUIREMENTS FOR THE APPOINTMENT OF MOTOR LICENSE AGENTS. THE STATUTE PLACES QUALIFICATIONS AND REQUIREMENTS FOR LOCATING MOTOR LICENSE AGENCIES AND FOR APPLICANTS FOR APPOINTMENT AS A MOTOR LICENSE AGENT IN MUNICIPALITIES HAVING A POPULATION IN EXCESS OF EIGHT THOUSAND FIVE HUNDRED (8,500) LOCATED IN A COUNTY HAVING A POPULATION IN EXCESS OF ONE HUNDRED THIRTY THOUSAND (130,000). THE SAME QUALIFICATIONS AND REQUIREMENTS ARE NOT PLACED ON AGENCIES AND APPLICANTS IN ALL OTHER COUNTIES OR IN MUNICIPALITIES HAVING A POPULATION OF LESS THAN EIGHT THOUSAND FIVE HUNDRED (8,500) LOCATED IN A COUNTY HAVING A POPULATION IN EXCESS OF ONE HUNDRED THIRTY THOUSAND (130,000).
ARTICLE V, SECTION 59 OF THE OKLAHOMA CONSTITUTION PROVIDES THAT LAWS OF A GENERAL NATURE SHALL HAVE A UNIFORM OPERATION THROUGHOUT THE STATE, AND WHERE A GENERAL LAW CAN BE MADE APPLICABLE, NO SPECIAL LAW SHALL BE ENACTED. SINCE THE STATUTE CREATES CLASSIFICATIONS BY REFERENCE TO POPULATION IT SHOULD BE SCRUTINIZED TO DETERMINE WHETHER IT IS A GENERAL LAW. "IN ORDER FOR A LAW TO BE GENERAL IN ITS NATURE AND TO HAVE A UNIFORM OPERATION, IT IS NOT NECESSARY THAT IT SHALL OPERATE UPON EVERY PERSON AND EVERY LOCALITY IN THE STATE. A LAW MAY BE GENERAL AND HAVE A LOCAL APPLICATION OR APPLY TO A DESIGNATED CLASS IF IT OPERATES EQUALLY UPON ALL THE SUBJECTS WITHIN THE CLASS FOR WHICH IT WAS ADOPTED." ELIAS V. CITY OF TULSA, 408 P.2D 517, 520 (OKLA. 1965), CITING ROBERTS V. LEDCEJOOD, 134 OKLA. 152, 272 P. 448
(1928). THE DETERMINATIVE QUESTION IS WHETHER THE STATUTE CREATES A PROPER AND LEGITIMATE CLASSIFICATION BASED ON DISTINCTIVE CHARACTERISTICS UPON WHICH A DIFFERENT TREATMENT MAY BE FOUNDED AND THAT FURNISHES A PRACTICAL AND REAL BASIS FOR DISCRIMINATION. ID AT 520. IN HAMILTON V. OKLAHOMA CITY, 527 P.2D 14 (OKLA. 1974), THE SUPREME COURT OF OKLAHOMA UPHELD THE CONSTITUTIONALITY OF A STATUTE WHICH CREATED CLASSIFICATIONS BY REFERENCE TO POPULATION. HAMILTON, THE PLAINTIFF, WAS AWARDED DAMAGES FOR HIS FALSE IMPRISONMENT BY AN OKLAHOMA CITY POLICE OFFICER. THE CITY APPEALED ON THE GROUNDS THAT THE OKLAHOMA TORT LIABILITY ACT (11 O.S. 1751 — 11 O.S. 1766), WHICH PROVIDED THAT CITIES WITH OVER 200,000 POPULATION WILL BE LIABLE FOR ITS TORTS ARISING OUT OF GOVERNMENTAL FUNCTIONS WAS UNCONSTITUTIONAL. THE CITY ARGUED THAT THE ACT WAS DISCRIMINATORY AND THE POPULATION CLASSIFICATIONS WERE UNREASONABLE. THE COURT STATED, "IN THE ABSENCE OF A CLEAR SHOWING THAT THE LEGISLATION IS ARBITRARY AND CAPRICIOUS OR THAT THE CLASSIFICATION DOES NOT BEAR A REASONABLE RELATION TO THE PURPOSE OF THE STATUTE, WE ARE BOUND BY THE TIME-HONORED PRINCIPLE OF THE PRESUMED VALIDITY OF STATUTES." ID. AT 17. THE COURT ALSO NOTED THAT THERE WAS NO SHOWING THAT THE POPULATION CLASSIFICATION WAS NOT NECESSITATED BY THE UNIQUE ATTRIBUTES OF LARGE CITIES. THEREFORE, THE CLASSIFICATION WAS NOT UNREASONABLE AND NOT UNCONSTITUTIONAL.
THE PROVISIONS OF TITLE 47 O.S. 1140 PLACE QUALIFICATIONS AND REQUIREMENTS SUCH AS "NECESSARY JOB SKILLS AND EXPERIENCE" AND "MINIMUM OFFICE HOURS" FOR AGENCIES AND AGENTS FROM MORE POPULOUS MUNICIPALITIES THAN ARE REQUIRED OF AGENCIES AND AGENTS IN SMALLER MUNICIPALITIES. THE POOL OF APPLICANTS FOR APPOINTMENT ARE LIKELY TO BE LARGER IN MORE POPULOUS COUNTIES THAN IN SMALLER ONES. FURTHERMORE, THE POPULATION CRITERIA OF THE STATUTE DOES NOT APPEAR TO BE A SUBTERFUGE FOR GIVING SPECIAL ADVANTAGE TO ONE COUNTY OVER THE OTHER COUNTIES. SEE TULSA EXPOSITION AND FAIR CORP. V. BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF TULSA, 468 P.2D 501 (OKLA. 1970). SEVERAL MUNICIPALITIES MEET THE CRITERIA FOR THE QUALIFICATIONS AND REQUIREMENTS AND MANY MUNICIPALITIES DO NOT. THEREFORE, 47 O.S. 1140 (1987) CREATES PROPER AND LEGITIMATE CLASSIFICATIONS AND IS NOT A LOCAL OR SPECIAL LAW.
THE SECOND PART OF THE ANALYSIS IS WHETHER THE CLASSIFICATIONS CREATED BY THE STATUTE VIOLATE THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION. A STATUTE PASSED BY THE LEGISLATURE CARRIES WITH IT A PRESUMPTION THAT THE STATUTE IS CONSTITUTIONAL. A PLICATION OF OKLAHOMA CAPITOL IMPROVEMENT AUTHORITY, 355 P.2D 1028 (OKLA. 1990).
THE THRESHOLD QUESTION, ASSUMING ARGUENDO THAT THIS STATUTE RAISES A QUESTION OF EQUAL PROTECTION UNDER THE LAW, IS TO DETERMINE WHAT STANDARD WILL BE USED TO TEST THE CONSTITUTIONALITY OF THIS PARTICULAR LEGISLATIVE ENACTMENT. IN CLEGG V. OKLAHOMA STATE ELECTION BOARD, 637 P.2D 103 (OKL. 1981), THE OKLAHOMA SUPREME COURT ENUNCIATED TWO TESTS TO BE APPLIED WHEN A QUESTION OF EQUAL PROTECTION IS RAISED DEPENDING ON WHAT TYPE OF CLASS OR INTEREST IS INVOLVED.
THE CONVENTIONAL STANDARD REQUIRES THAT THE DISTINCTION DRAWN BY A CHALLENGED STATUTE BEAR SOME RATIONAL RELATIONSHIP TO A CONCEIVABLE LEGITIMATE STATE PURPOSE. A CLASSIFICATION IS CONSTITUTIONAL IF THERE IS A REASONABLE CLASSIFICATION AND A REASONABLE OPPORTUNITY FOR UNIFORM IMPOSITION ON THE CLASS CREATED. CLEAGG, SUPRA AT 105, SHAPIRO V. THOMPSON, 394 U.S. 618, 638, 89 S.CT. 1322, 1333, 22 L.ED.2D 600, 617 (1969).
THE MORE STRINGENT TEST OF STRICT SCRUTINY IS APPLIED IN CASES WHICH INVOLVE FUNDAMENTAL INTERESTS. CLEGQ, SUPRA, AT 106; THAYER V. PHILLIPS PETROLEUM CO., 613 P.2D 1041, 1044-45 (OKL. 1980). IN THE INSTANT CASE, THE CLASSIFICATIONS DO NOT IMPINGE ON A FUNDAMENTAL INTEREST AND THEREFORE THE LESS STRINGENT TEST TO BE APPLIED. MASSACHUSETTS BOARD OF RETIREMENT V. MURGIA, 427 U.S. 307,96 S.CT. 2562, 49 L.ED.2D 520 (1976). ACCORDINGLY, THE QUESTION TO BE ANSWERED IS WHETHER THE DISTINCTIONS DRAWN BY THIS STATUTE BEAR A RATIONAL RELATIONSHIP TO A CONCEIVABLE STATE PURPOSE.
THE SAME RATIONALE USED TO ANALYZE THE GENERAL NATURE OF THE STATUTE IS APPLICABLE HERE. IT IS REASONABLE FOR THE LEGISLATURE TO PROVIDE QUALIFICATIONS FOR AGENCIES AND AGENTS IN MORE POPULOUS AREAS BASED ON THE INCREASED DIFFICULTIES OF DEALING WITH INCREASED MEMBERS OF THE PUBLIC. THE LARGER POOL OF POTENTIAL APPLICATIONS FOR THE POSITION IS ANOTHER REASONABLE BASIS FOR REQUIRING ADDITIONAL QUALIFICATIONS AND REQUIREMENTS FOR SCREENING APPLICANTS.
I CONCLUDE THEREFORE THAT 47 O.S. 1140 DOES NOT UNLAWFULLY DISCRIMINATE AGAINST CERTAIN APPLICANTS FOR MOTOR LICENSE AGENT BASED ON THE SIZE OF THE MUNICIPALITY IN WHICH THEY APPLY.
(TAG AGENT)
(SHERIDAN A. MCCAFFREE)